Mr. Randall W. Morley City Attorney P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Morley:
This is in response to your request for an opinion on the following question:
 Whether under the Freedom of Information Act of 1967, the custodian of a municipal employee's job performance records must release those records to the municipality's civil service commission, although the employee has not been suspended or terminated.
This office has previously stated that the Arkansas Freedom of Information Act does not address who may or may not review documents by virtue of an official position. See Att'y Gen. Op. No. 89-330 (copy enclosed). That opinion addressed the availability of public records for inspection by members of the General Assembly.
With regard to civil service commissions, Ark. Code Ann. §14-49-209(a)[1] states that the commission, in any investigation provided for in that subchapter, "shall have the power of subpoena, to require the attendance of any witness and the production of any papers or records pertinent to the investigation." Thus, as to its authorized investigations, the civil service commission may, it seems, require the production of job performance records if such records are "pertinent to the investigation." This will require a factual determination in each instance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This provision pertains to civil service for cities of 75,000 or over. See also A.C.A. § 14-50-209 (investigation powers of civil service commission in cities of 20,000 to 75,000); A.C.A. § 14-51-209 (civil service for police and fire fighters).